UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELINDA LUCK,

                Plaintiff,

-against-

WESTCHESTER MEDICAL CENTER, et al.,

                Defendants.

**ORDER TO SHOW CAUSE**

17-CV-09110 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff Melinda Luck ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action on November 21, 2017. (Doc. 2). A First Amended Complaint ("FAC") was filed on March 23, 2018. (Doc. 9, First Am. Compl., "FAC"). The FAC named as Defendants Westchester Medical Center, Megan Ward, Jeffrey Eagan, Michael Cazarri, John Dearman, and the Town of Carmel and asserted claims pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to follow proper procedures to withdraw blood from her following a car accident. (*See generally id.*). On August 3, 2018, Westchester Medical Center and Megan Ward moved to dismiss Plaintiff's FAC. (Doc. 35). On February 1, 2019, Judge Nelson Stephen Román who presided over this case before it was transferred to me on April 3, 2020, granted Defendant's motion to dismiss and gave Plaintiff permission to file a Second Amended Complaint ("SAC"). (Doc. 63). On May 14, 2019, Defendants Jeffrey Eagan, Michael Cazarri, John Dearman, and the Town of Carmel filed a motion to dismiss Plaintiff's FAC. (Doc. 72). On February 4, 2020, Judge Román granted Defendants motion to dismiss and gave Plaintiff permission to file a SAC by March 2, 2020. (Doc. 78).

    By letter dated February 26, 2020 and filed via ECF on February 28, 2020, Plaintiff requested an extension of time to file her SAC. (Doc. 80). That same day, Plaintiff's request was granted and Plaintiff's time to file a SAC was extended until March 23, 2020 (Doc. 81). By letter

dated April 10, 2020 and filed via ECF on April 21, 2020, Plaintiff filed a second request for an extension of time to file her SAC. (Doc. 83). On April 23, 2020, the Court granted Plaintiff's request and extended Plaintiff's time to file a SAC until June 1, 2020. (Doc. 84). By letter dated May 29, 2020 and filed via ECF on June 1, 2020, Plaintiff requested a third extension of time to file her SAC. (Doc. 86). On June 3, 2020, the Court granted Plaintiff's requested extension and extended Plaintiff's time to file her SAC until June 15, 2020. (Doc. 88). By letter dated July 16, 2020 and filed via ECF on July 17, 2020, Plaintiff requested a fourth extension of time to file her SAC. (Doc. 89). On July 20, 2020, the Court granted Plaintiff's requested extension and extended Plaintiff's time to file her SAC until August 15, 2020. (Doc. 91). On August 14, 2020, Plaintiff requested a fifth extension of time to file her SAC. (Doc. 92). On August 17, 2020, the Court granted Plaintiff's requested extension and extended Plaintiff's time to file her SAC until September 2, 2020. (Doc. 93). By letter dated September 2, 2020 and filed via ECF on September 23, 2020, Plaintiff filed a sixth request for extension of time to file her SAC. (Doc. 94). On August 24, 2020, the Court granted Plaintiff an extension of time until October 5, 2020 to file her SAC and noted that "[a]bsent good cause shown, no further extensions will be granted." (Doc. 95). To date, Plaintiff has not filed a SAC or requested an additional extension of time to file a SAC.

Under Federal Rule of Civil Procedure 41(b), "a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution . . . ." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015) (dismissing *pro se* plaintiff's complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings to the court for four

months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* plaintiff's complaint for want of prosecution after the plaintiff failed to respond for six months).

Here, despite being granted six extensions of time to file a SAC Plaintiff has failed to file a SAC. Plaintiffs' failure to prosecute this action has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016). Though the Court is mindful of Plaintiffs' *pro se* status, Plaintiffs' lack of effort in prosecuting this action may be indicative of an intent to abandon this action.

Accordingly, it is hereby ORDERED that Plaintiff show cause in writing on or before December 17, 2020, why this action should not be dismissed with prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Failure to comply with this Oder will result in dismissal of this case for want of prosecution.

The Clerk of Court is respectfully directed to mail a copy of this Order to Show Cause to Plaintiff at the address provided on the docket.

SO ORDERED:

Dated:   New York, New York
         November 17, 2020

_____
PHILIP M. HALPERN
United States District Judge